674 P.2d 845

**In the Matter of the APPEAL IN PIMA COUNTY, JUVENILE ACTION NO. B–9385.**

**No. 16418–PR.**

Supreme Court of Arizona, En Banc.

Dec. 12, 1983.

Croxen & Baran by Edith A. Croxen, Tucson, for appellants.

Donau & Bolt, Little, Fisher, Brady, Bromley & Siegel, P.C. by Robert Douglas Little, John R. Bolt, Tucson, for appellees.

HOLOHAN, Chief Justice.

The appellants in this case are minor children, ages 13 and 11. They are the natural children of the appellee mother by a previous marriage, and the recently adopted children of the appellee father. They appealed from an order denying a motion to vacate their adoption. The Court of Appeals issued an order dismissing their appeal. This court granted the minors' petition for review.

The record reveals that appellees were married on July 10, 1981. In August of 1981, they filed a petition seeking leave for the new husband to adopt his new wife's children. The natural father's parental rights were severed in November 1981.

Prior to the adoption becoming final, the couple began experiencing marital problems. Nevertheless, on March 22, 1982 the adoption became final. Shortly thereafter, the adoptive father left the family home and filed a motion to vacate the adoption pursuant to Rule 59(a) and Rule 60(c), 16 A.R.S. Rules of Civil Procedure. He con-

tended that the true intentions of the mother became known to him after the final adoption order,[1] that the marriage was irretrievably broken, that the best interest of the children would not be served by the adoption and that the requirements of A.R.S. § 8–101 *et seq.* and applicable rules had not been met. Consequently, he sought vacation of the adoption order on one or more grounds set forth in Rule 59(a) and Rule 60(c).

Counsel was appointed for the children and hearings were held on the motion. The children's attorney, who also acted as guardian ad litem, made an oral report of her discussion with the children in the presence of their mother to the effect that the children had stated that they did not wish to continue a relationship with the adoptive father. It was pointed out that there had been no visitation between the parties for approximately four months before the hearing. The mother, however, believed that the adoption was in the best interest of the children and that the order should not be vacated. The juvenile court judge took the matter under advisement, and on September 23, 1982, he issued a minute entry denying the motion to vacate because the movant had failed to carry his burden of proof under Rule 59(a) or 60(c).

For some reason, the parties never received a copy of the minute entry. Having been apprised of this fact, the juvenile judge entered another minute entry, ordering that the September 23, 1982 minute entry take effect as of November 15, 1982 to permit the parties to appeal. On November 30, 1982 the minor children filed a notice of appeal from the order denying the motion to vacate. The father, on December 14, responded with a memorandum agreeing and supporting the contentions of the children. The mother moved to dismiss on the grounds that the appeal was not timely. She argued that the juvenile judge was without authority to extend the time for appeal. She further argued that, if con-

sidered on the merits, the decision of the juvenile court should be affirmed.

The Court of Appeals ordered the appeal dismissed on grounds other than those argued by the parties. It ruled:

"A.R.S. § 8–236(A) permits an appeal by an aggrieved party. The appellants do not have the requisite aggrievement and thus have no standing to appeal."

We believe that the grounds for the ruling by the Court of Appeals are incorrect. The applicable statute provides:

Any aggrieved party in any proceeding under this title may appeal from a final order of the juvenile court to the court of appeals in the manner provided in rules of procedure for the juvenile court as promulgated or approved by the Arizona supreme court.

A.R.S. § 8–236(A). To qualify as an aggrieved party, the judgment must operate to deny the party some personal or property right or to impose a substantial burden on the party. *Matter of Gubser,* 126 Ariz. 303, 614 P.2d 845 (1980); *Chambers v. United Farm Workers Organizing Committee,* 25 Ariz.App. 104, 541 P.2d 567 (1975).

In this case, the children have the requisite aggrievement. They are of an age that they can appreciate their rights and responsibilities. They have a personal interest in who their father will be. Not only must a legal father help provide for their financial support, he also has a right to control their education and to have custody of them. In the event of the death of their mother, the adoptive parent would have exclusive custody and control of the children. The children have a duty of obedience to the parent and are subject to other legal obligations and incidents of the natural relation. *See* A.R.S. § 8–117; 2 Am.Jur.2d Adoption §§ 84–86 (1962).

Arizona courts have long recognized the rights of children, as persons, to effective parental care, including the right to good physical care and emotional security. *Mat-*

---

1. Apparently, he believes that the mother's true intentions were to obligate him legally to help support her children.

ter of Maricopa County Juvenile Action No. JD–561, 131 Ariz. 25, 638 P.2d 692 (1981); In re Appeal in Maricopa County, Juvenile Action No. J–75482, 111 Ariz. 588, 536 P.2d 197 (1975). Recently, we ruled that a minor was a real party in interest in a special action from a juvenile proceeding and had a right to be heard on the merits. Klahr v. Court of Appeals of State, Div. One, 134 Ariz. 67, 654 P.2d 1 (1982). Based on the foregoing, we believe that personal rights ·of the minors are being affected, that they are "aggrieved" within the meaning of the statute and have standing to appeal.

The issue remains, however, whether the appeal by the minors was timely. The applicable rules are the rules of procedure for the juvenile court. A.R.S. § 8–236; see State v. Garza, 128 Ariz. 8, 623 P.2d 367 (App.1981). Regarding appeal, those rules provide:

An appeal must be taken within 15 days after the final order is entered in the minutes of the juvenile court. There is no requirement that a final order be in writing and signed by the judge before an appeal can be taken.

Rule 25(a), 17A A.R.S. Rules of Procedure, Juvenile Court.

■ Matter of Appeal in Juvenile Action No. S–933, 135 Ariz. 278, 660 P.2d 1205 (1982) also involved an issue of timely appeal under the jurisdiction of the juvenile court. In that case we noted that there is no requirement of notice to the parties to start the appeal time running. Id. at 280, 660 P.2d 1205. It is the duty of counsel to insure that matters subject to time limits are acted on within those time limits. Kiefer v. May, 22 Ariz.App. 567, 529 P.2d 721 (1974). Furthermore, counsel has an obligation to check the court records to determine the exact date of the entry of the final order so that he can preserve his client's right to appeal. Juvenile Action No. S–933, supra; Thomas v. Western Savings and Loan Ass'n., 6 Ariz.App. 511, 433 P.2d 1003 (1967).

In this case, counsel for the parties advised the juvenile court judge that no notice had been received by them of the Septem-

ber 23, 1982 ruling. The juvenile court judge entered the following:

"The Court having been advised in an unrelated hearing, that none of the counsel involved in this case had received the minute entry that issued on September 23, 1982, and was filed on September 23, 1982, and the Court being concerned about the statutory time to appeal from this decision,

IT IS ORDERED that the minute entry order of September 23, 1982, is to take effect as of November 15, 1982, so as to permit counsel to take whatever remedy they deem appropriate before the Court of Appeals.

DATED THIS 16TH DAY OF NOVEMBER 1982."

■ The juvenile court judge acted from the best of motives, but we believe that the same principles which limit the authority of trial judges in changing civil judgments are also applicable to juvenile court judges in final orders in adoption and dependency matters. The rule in civil cases is that a trial judge may not reenter a minute entry merely to modify the time for appeal. Vital v. Johnson, 128 Ariz. 129, 624 P.2d 326 (App.1980). The rule in Vital was modified in Park v. Strick, 137 Ariz. 100, 669 P.2d 78 (1983) when we stated:

"Rule 77(g) restricts the power of an Arizona trial court to grant Rule 60(c)(6) relief where the only ground is the failure to give or receive the notice required by Rule 77(g). Where, however, an aggrieved party establishes lack of knowledge that judgment has been entered, and asserts additional reasons that are so extraordinary as to justify relief, we hold that the trial court has authority under Rule 60(c)(6) to vacate the judgment and reenter a new judgment in order to allow the party to file a timely appeal. In other words, relief under Rule 60(c)(6) may be considered where the party did not have knowledge from any source that judgment had been entered and where there are extraordinary circumstances. However, where the complaint is only that the party did not have or get the formal notice to which a party is entitled

*by Rule 77(g), the relief is not available.* To the extent the opinion in *Vital* is inconsistent with our holding today, it is disapproved." (emphasis supplied).

137 Ariz. at 104, 669 P.2d at 82.

■ There does not appear to have been any formal motion filed in this case to have the order of the juvenile court reentered. Reading the court's minute entry of November 16, 1982, it appears that the juvenile court judge acted in response to information orally furnished to him by counsel. Thus, the record in this case is that the juvenile court judge acted because the parties did not get notice of the original minute entry. Relief under such circumstances is neither available nor appropriate. *Park v. Strick, supra.*

■ Although the appeal in this case must be dismissed as untimely, the parties may be entitled to relief in the juvenile court if an appropriate motion is filed supported by reasons showing justification for such relief. *Park v. Strick, supra.*

Appeal dismissed.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.