978 P.2d 659

**In re CHARLES B.**

**No. 1 CA–JV 98–0138.**

Court of Appeals of Arizona, Division 1, Department D.

Nov. 19, 1998.

Review Denied May 25, 1999.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, for Appellee

Dean W. Trebesch, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, Attorney for Appellant

**OPINION**

KLEINSCHMIDT, Judge

¶ 1   The State filed a petition alleging that the Juvenile had committed aggravated as-

sault with a dangerous instrument in violation of Arizona Revised Statutes Annotated ("A.R.S.") sections 13–1204(A)(2), (B); 13–1203(A)(2), 13–604.01, 13–701, 13–702, and 13–801. The Juvenile's attorney filed a motion to determine the Juvenile's competency. It is undisputed that the Juvenile is a normal eleven-year-old boy and that the only question was whether, because of his youth, he could understand the delinquency process and aid in his own defense.

¶2 The judge found reasonable grounds to question competency and assigned Richard Rosengard, D.O., and John Hollebeek, a psychologist, to examine the Juvenile. Dr. Rosengard concluded that the Juvenile was competent, and Dr. Hollebeek concluded that the Juvenile was incompetent and not restorable to competency within six months. After receiving the conflicting reports, the judge, pursuant to A.R.S. section 13–4505(A) (Supp. 1997), ordered a third expert, Jack Potts, M.D., to examine the Juvenile. After reviewing Dr. Potts's report, which concluded that the Juvenile was incompetent and not restorable "within the statutory time limits," the judge found that the Juvenile was incompetent to proceed. The judge dismissed the action without prejudice. Defense counsel objected and asserted that, pursuant to the applicable statute, if the court found the Juvenile was incompetent and there was no substantial probability of his being restored to competency within 240 days, the dismissal had to be *with* prejudice. A colloquy ensued:

> The Court: I'm aware of the statute, but I think we have a long time between now and the 240 days. I have not adjudicated him incompetent till this date.

> Ms. Katz (defense counsel for Juvenile): Correct, I agree with that.

> The Court: There may be other things that might happen. There may be other alleged delinquent acts that might happen. And again, he may be reexamined, may be either found competent, or not competent but restorable. We had at least one opinion here through a psychiatrist, albeit a D.O., who found him competent. So I don't believe the court can anticipate what's going to happen in 240 days.

> Ms. Katz: We would have leave to return to the court on the expiration—

> The Court: That's something you have to consider. I'm not going to invite that.

> As you know, the law is also very clear that whenever I dismiss with prejudice, except for those—without prejudice, except for the juveniles that are going to be 18, there's a specific provision there [sic] the court must decide to dismiss those kind of cases very specifically under the statute. It tells the court it has to make a decision with regard to dismissal with prejudice.

> Okay. So the court will not—not change its order. It's dismissed without prejudice, and the adjudication is vacated.

¶3 The statutes addressing the incompetency of juveniles are tailored to address the problems that arise in prosecuting juveniles with mental disorders or disabilities. Although the Juvenile in this case has no mental disorder or disability, he fits the definition of "incompetent" under the statute because he lacks a present ability to consult with his attorney with a reasonable degree of rational understanding, and he does not have a rational and factual understanding of the proceeding against him. A.R.S. § 8–291(1) (Supp.1997). Thus, while the Juvenile falls under the statute, the law lacks specific provisions to deal with the problem this case presents.

¶4 Broadly stated, the point of the statutory scheme is to ensure that no incompetent juvenile is prosecuted, but to allow a finite time for attempts at restoration to competency. If it appears that restoration may not occur within a relatively short time—six months with an additional two months if the juvenile is making progress towards competency—the judge can dismiss with or without prejudice. If it appears to the judge that restoration may not occur within eight months, the matter must be dismissed with prejudice. Because the statute is complex, we set out its relevant provisions verbatim.

### § 8–291.01. Effect of incompetency

A. A juvenile shall not participate in a delinquency, incorrigibility or criminal proceeding if the court determines that the juvenile is incompetent to proceed.

**B.** At any time after the filing of a petition for delinquency or incorrigibility or a petition that seeks to transfer a juvenile to adult court, . . . a party may request in writing or the court on its own motion may order that the juvenile be examined to determine if the juvenile is competent. . . .

. . . .

**D.** If the court finds that the juvenile is incompetent but is restorable to competency, the court shall order the juvenile to undergo an attempt at restoration to competency within six months after the initial determination. If the juvenile court determines that the juvenile has not been restored to competency within six months and that the juvenile has made progress toward restoration of competency, the court after a hearing may do either of the following:

1. Extend the treatment period for an additional sixty days for good cause if the court determines by clear and convincing evidence that further treatment will lead to a restoration of competency.

2. Dismiss the matter with or without prejudice.

§ 8–291.02. **Treatment order; commitment**

**A.** The court may order a juvenile to undergo outpatient competency restoration treatment or may commit the juvenile for competency restoration treatment to the state hospital or another facility that is approved by the juvenile court. . . .

§ 8–291.03 **Restoration for dangerous juveniles** (not implicated in this case)

§ 8–291.04 **Hearings; reports**

**A.** The court may hold a hearing regarding a juvenile's progress toward competency on the request of the prosecutor, the defense attorney or the guardian ad litem.

**B.** If the juvenile is under the jurisdiction of the juvenile court, the court shall hold a hearing pursuant to this section within not less than three months before the juvenile's eighteenth birthday.

**C.** If at the hearing the court determines that the juvenile has regained competency, the juvenile shall be returned to the court and the proceedings against the juvenile shall continue and be concluded in the court.

**D.** If at the hearing the court determines that the juvenile is not restored to competency and is not restorable within the time left before the juvenile's eighteenth birthday, the court shall dismiss the charges with prejudice if the offense is a misdemeanor, may dismiss the charges with prejudice if the offense was not a serious offense as defined in § 13–604 or may dismiss the charges without prejudice if the offense was a serious offense as defined in § 13–604.

**E.** Except for juveniles who are ordered to receive restoration treatment pursuant to § 8–291.03, if at the hearing the court determines that the juvenile is incompetent to proceed and that there is not a substantial probability that the juvenile will regain competency within two hundred forty days after the date of the original finding of incompetency, the court shall dismiss the charges with prejudice and shall initiate civil commitment proceedings if appropriate. . . .

¶ 5 As we read these provisions, if the court determines that a juvenile is incompetent, it then must determine if the juvenile is restorable to competency. A.R.S. § 8–291.01 (Supp.1997). If the court determines that a juvenile is restorable, the court shall order the juvenile to undergo an attempt at restoration within six months after the initial determination. The attempts at restoration that the statute refers to for example, "treatment" as an outpatient or at the state hospital or other facility obviously do not apply to a normal child. *See* A.R.S. § 8–291.02 (Supp. 1997). The analog to "restoration" in the case of a normal child who is too young to understand the proceedings would be to either allow the juvenile to mature naturally to the point where he becomes competent or subject him to special education in the legal process to try to speed the process of rendering him competent. If the trial judge believes that the juvenile is incompetent but is making "progress toward restoration of competency" (in this case, maturing towards competency) the judge can order more treat-

ment or dismiss with or without prejudice. A.R.S. § 8–291.01.

¶ 6  Less clear is what the judge is supposed to do if the juvenile is determined to be incompetent and not restorable. The Juvenile contends that, in that case, section 8–291.04(E) applies. However, since section 8–291.04 begins with a reference to the juvenile's progress towards competency, it appears it was meant to apply only *after* an initial competency hearing in which a judge has already found a juvenile incompetent and restorable. This section would not ordinarily come into play until an initial competency hearing has taken place and some actual treatment plan has been tried in an effort to restore the juvenile to competence. Notwithstanding that fact, in cases in which restoration is obviously hopeless from the beginning, it would make sense to invoke section 8–291.04(E) and dismiss with prejudice as soon as possible.

¶ 7  We must consider whether the judge's dismissal without prejudice is in line with the intent of the statute. A determination of competency to stand trial is always and exclusively a question for the trial court, subject to review for an abuse of discretion. The opinions of mental health experts are not binding on the trial court, although such opinions may assist its determination. *State v. Lara*, 179 Ariz. 578, 580–81, 880 P.2d 1124, 1126–27 (App.1994), *vacated in part*, 183 Ariz. 233, 902 P.2d 1337 (1995).

¶ 8  Although the record, like the statutory scheme, is confusing, we believe that it is possible to discern what the judge found in this case and to understand why he dismissed without prejudice. The judge obviously accepted the opinions of the two experts who found the Juvenile incompetent but he apparently rejected their conclusions that the Juvenile could not be restored to competence within the time allowed by the statutes. The judge observed that a lot could happen within 240 days, including a later finding of competency in the event the Juvenile was prosecuted on some new charge. In other words, the judge did not apply section 8–291.04(E) because he thought there was a possibility the Juvenile could mature to competency before the 240 days elapsed. Thus, the statutory provision that best fit the situation was section 8–291.01(D). While that section presupposes an attempt to treat before dismissal, there is no treatment contemplated by the statute that would have been appropriate, and neither party advocated a program to hasten the Juvenile's arrival at competency. In fact, it appears that the only appropriate "treatment" for this Juvenile is age and maturation. It was not an abuse of discretion for the judge to look to that part of the statute that did apply and dismiss the case without prejudice.

¶ 9  The order of the trial court is affirmed.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge, and SARAH D. GRANT, Judge, concur.