IN THE COURT OF APPEALS
STATE OF ARIZONA



FILED BY CLERK

FEB 27 2008

COURT OF APPEALS
DIVISION TWO

|                    |   |                   |
|--------------------|---|-------------------|
|                    | ) | 2 CA-JV 2007-0036 |
|                    | ) | DEPARTMENT A      |
|                    | ) |                   |
| IN RE REYMUNDO F.  | ) | O P I N I O N     |
|                    | ) |                   |
|                    | ) |                   |
|                    | ) |                   |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. JV-200400603

Honorable Gilberto V. Figueroa, Judge

AFFIRMED

James P. Walsh, Pinal County Attorney
  By Susan Crawford                                                    Florence
                                                         Attorneys for State

Mary Wisdom, Pinal County Public Defender
  By Teri L. Shaw                                                      Florence
                                                         Attorneys for Minor

H O W A R D, Presiding Judge.

¶1        Appellant Reymundo F. appeals from the juvenile court's order dismissing the delinquency petition against him without prejudice. He contends that Rule 28(C)(7)(a), Ariz. R. P. Juv. Ct., required the juvenile court to accept his voluntary admission to the delinquency petition at the advisory hearing, thereby precluding the court from dismissing

the petition without prejudice so the state could file adult criminal charges against him. Because the rule did not require the court to immediately accept his plea, we affirm.

¶2     Reymundo was born in May 1989. Four days before his eighteenth birthday, the state filed a delinquency petition charging him with three offenses committed the previous day: threatening or intimidating and disorderly conduct, both misdemeanors; and possession of a semiautomatic rifle as a prohibited possessor, a class four felony. At the advisory hearing required by Rule 28, Reymundo admitted all three charges. The juvenile court found a factual basis existed for the admissions and found them to be knowing and voluntary, but it deferred acceptance of Reymundo's plea until disposition. Two days later, the state moved to dismiss the delinquency petition so it could instead prosecute Reymundo as an adult. The court granted the motion, and Reymundo appeals from its order dismissing the delinquency petition without prejudice.

¶3     Preliminarily, in its three-paragraph answering brief citing neither the record nor any legal authority, the state asserts that Reymundo lacks "standing" to appeal because the offenses alleged in the dismissed delinquency petition have not been refiled against him in juvenile court. Instead, the state reports, Reymundo has been charged as an adult with other, "much more serious offenses" now pending in adult criminal court. The state asks us to "decline jurisdiction" of this appeal. We do not address these unsupported assertions.[1]

_____

[1]On the other hand, we must examine our own jurisdiction. *Harris v. Cochise Health Sys.*, 215 Ariz. 344, ¶ 7, 160 P.3d 223, 226 (App. 2007). A dismissal without prejudice can be a final, appealable order. *See Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, ¶ 5, 127 P.3d 59, 61 (App. 2006) ("To be final and procedurally appealable, the order must be in writing, signed by the court, and filed with the clerk."); *see also Mark*

*See* former Ariz. R. P. Juv. Ct. 91(A) (renumbered as Rule 106(A), eff. Jan. 1, 2008); Ariz. R. Civ. App. P. 13(a)(6); *In re 1996 Nissan Sentra*, 201 Ariz. 114, ¶ 15, 32 P.3d 39, 43-44 (App. 2001) (court will not address unsupported argument).

**¶4**        Reymundo contends the juvenile court abused its discretion by dismissing the petition without prejudice because Rule 28(C)(7)(a) required the court to accept his plea at the advisory hearing and therefore he was effectively adjudicated delinquent upon making his admissions. He then reasons that the state's motion to dismiss under A.R.S. § 8-302 was untimely because he had already been adjudicated delinquent. He further claims that Rule 28(E) provides additional support for his position.

**¶5**        Issues concerning the proper interpretation of statutes and rules are questions of law, which we review de novo. *See Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, ¶ 9, 158 P.3d 225, 228 (App. 2007); *In re John M.*, 201 Ariz. 424, ¶ 7, 36 P.3d 772, 774 (App. 2001). We apply the same principles used in interpreting statutes when we interpret

---

*Lighting Fixture Co. v. Gen. Elec. Supply Co.*, 155 Ariz. 27, 29, 31, 745 P.2d 85, 87, 89 (1987) (dismissal without prejudice procedurally appealable); *Filer v. Tohono O'Odham Nation Gaming Enter.*, 212 Ariz. 167, ¶ 4, 129 P.3d 78, 80 (App. 2006) (same). But only a party "aggrieved" is allowed to appeal in a juvenile court proceeding. A.R.S. § 8-235(A). "To qualify as an aggrieved party, the judgment must operate to deny the party some personal or property right or to impose a substantial burden on the party." *In re Pima County Juv. Action No. B-9385*, 138 Ariz. 291, 293, 674 P.2d 845, 847 (1983). Because Reymundo claims that Rule 28 granted him a personal right to admit all charges at the advisory hearing and that he has been prejudiced by the juvenile court's refusal to accept his admissions, and in the absence of any meaningful argument by the state, we conclude we have jurisdiction. In addition, we note that this court has previously addressed the merits of similar appeals from dismissals without prejudice in the juvenile context. *See In re Timothy M.*, 197 Ariz. 394, ¶¶ 6-7, 4 P.3d 449, 451 (App. 2000); *In re Charles B.*, 194 Ariz. 174, ¶ 2, 978 P.2d 659, 660 (App. 1998).

rules, and we attempt to harmonize the two. *State v. Hansen*, 215 Ariz. 287, ¶ 7, 160 P.3d 166, 168 (2007). "[E]ven when statutory language, read in isolation, might be susceptible to a particular construction, we employ a common sense approach, interpreting the statute 'by reference to its stated purpose and . . . the system of related statutes of which it forms a part.'" *State v. Rodriguez*, 205 Ariz. 392, ¶ 11, 71 P.3d 919, 923 (App. 2003), *quoting Goddard v. Superior Court*, 191 Ariz. 402, ¶ 8, 956 P.2d 529, 531 (App. 1998) (alteration in *Rodriguez*); *see also State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970).

¶6        Rule 28(C)(7)(a) provides in pertinent part that the juvenile court at an advisory hearing shall "[d]etermine whether the juvenile wishes to admit or deny the allegations" and, "[i]f the juvenile wishes to admit to allegations, the court *shall accept the admission or plea* if supported by a factual basis and a finding that the juvenile knowingly, intelligently and voluntarily waives the rights enumerated [in Rule 28(C)(1) through (4)]." (Emphasis added.) This language could be read in isolation to support Reymundo's position. But we must interpret it in the context of related rules and statutes. *See Rodriguez*, 205 Ariz. 392, ¶ 11, 71 P.3d at 923.

¶7        Rule 28(E), entitled "Disposition," provides:

> Following an admission, the court shall adjudicate the juvenile delinquent or incorrigible and proceed with a disposition hearing or may set a disposition hearing. *The court may defer acceptance of the plea until the time of disposition.* The juvenile shall be subject to orders of the court under the supervision of a probation officer pending the adjudication or disposition hearing.

4

(Emphasis added.) Section 8-302 is entitled "Transfer between juvenile and criminal courts." Subsection C of § 8-302 provides:

> During the pendency of a delinquency action in any court of this state, on the motion of the prosecution *and before the adjudication hearing*, the court shall dismiss without prejudice any count in the petition charging an offense for which the juvenile is subject to prosecution as an adult pursuant to § 13-501 to allow criminal charges to be filed.

(Emphasis added.)

¶8        Another rule and statute provide additional context for our analysis. Rule 34(A), Ariz. R. P. Juv. Ct., authorizes the prosecutor, in his or her discretion, to move the juvenile court to transfer jurisdiction of a juvenile "to the appropriate court" for prosecution as an adult. Although the state in this case requested dismissal of the delinquency petition rather than a transfer, subsection D of Rule 34 allows the state fifteen days from the advisory hearing in which to seek a transfer. Finally, A.R.S. § 13-501, entitled "Persons under eighteen years of age; felony charging; definitions," provides in subsections A and B for both mandatory and permissive charging of juvenile offenders "in the same manner as an adult" in the circumstances enumerated in the statute.

¶9        Reymundo's reading of Rule 28(C)(7)(a) would deprive the state of its right, found in statute and rule, to seek a transfer of the juvenile for adult prosecution. *See State v. Bonnell*, 171 Ariz. 435, 437, 831 P.2d 434, 436 (App. 1992) ("appellate court is required to avoid" interpretation of rule provision that would render another meaningless); *cf. State v. Superior Court*, 180 Ariz. 384, 387-88, 884 P.2d 270, 273-74 (App. 1994) (prosecutor, not court, decides whether to proceed or not proceed with motion to transfer for adult

5

prosecution, and prosecutor has "complete discretion in determining what charges to initiate against . . . juvenile"). We conclude instead that Rule 28(C)(7)(a) provides the prerequisites for the court's acceptance of the admission or plea and that Rule 28(E) provides for the timing of the acceptance of the plea. Under Rule 28(E), the juvenile court properly delayed acceptance of the plea until disposition. Accordingly, Reymundo had not been adjudicated delinquent and the court could still dismiss the charges. *Cf. State v. Thompson*, 200 Ariz. 439, ¶ 7, 27 P.3d 796, 798 (2001) ("One is convicted when there has been a determination of guilt by verdict, finding, or the acceptance of a plea."). Without a formal adjudication, the delinquency action was still pending and thus within the purview of § 8-302(C).

¶10    Reymundo also contends the court's authority, conferred by Rule 28(E), to "defer acceptance of *the plea* until the time of disposition," does not apply to his unsolicited admissions but only to admissions or other pleas entered pursuant to a plea agreement. (Emphasis added.) The word "plea" is defined as "[a]n accused person's formal response of 'guilty,' 'not guilty,' or 'no contest' to a criminal charge." *Black's Law Dictionary* 1189 (8th ed. 2004). In juvenile delinquency cases, admissions and denials take the place of "guilty" and "not guilty" pleas. *See* Ariz. R. P. Juv. Ct. 28(C)(7). Instead of being found guilty, minors are found "responsible," *see, e.g., In re Natalie Z.*, 214 Ariz. 452, ¶¶ 1, 3, 153 P.3d 1081, 1083 (App. 2007), and are adjudicated delinquent or incorrigible. *See* Ariz. R. P. Juv. Ct. 29(E), (F). Thus the word "plea" in this context includes any formal response to the court regardless of the motivation for that response. It therefore includes pleas resulting from agreements or from voluntary admissions to the charges.

**¶11** Moreover, were Reymundo correct, Rule 28(E) would then anomalously provide only for the adjudication and disposition of juveniles entering "admission[s]," but make no similar provision for those entering "plea[s]" pursuant to a plea agreement. We reject that interpretation.

**¶12** We hold a juvenile court is not obliged to accept a minor's plea at an advisory hearing and may, pursuant to Rule 28(E), defer acceptance of a plea until the time of disposition. Because there had been no adjudication, the delinquency proceeding against Reymundo was still pending for purposes of § 8-302(C) when the state filed its motion to dismiss, and dismissal of the delinquency petition without prejudice was required under that statute.

**¶13** Affirmed.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:

_____
JOHN PELANDER, Chief Judge

_____
J. WILLIAM BRAMMER, JR., Judge