NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE ANTHONY A.,

No. 1 CA-JV 16-0337
FILED 2-14-2017

Appeal from the Superior Court in La Paz County
No. S1500JV201600017
The Honorable Samuel E. Vederman, Judge

**AFFIRMED**

COUNSEL

Carr Law Office PLLC, Parker
By Sandra Carr
*Counsel for Appellant*

La Paz County Attorney's Office, Parker
By Rachel Shackelford
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

**D O W N I E**, Judge:

¶1        Anthony A. ("Juvenile") appeals the juvenile court's order transferring him for adult criminal prosecution.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The State filed a four-count delinquency petition against Juvenile on May 26, 2016, alleging one count of child abuse, two counts of aggravated assault, and one count of disorderly conduct.  Juvenile denied the charges at a May 27, 2016 advisory hearing.

¶3        On June 10, 2016, the State filed a Motion to Transfer to Adult Jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 8-327 and Rule of Procedure for the Juvenile Court 34.  Juvenile objected to the motion.  The court set a transfer hearing for July 8, 2016, ordered the probation officer to conduct a transfer investigation and submit a report, and directed Juvenile to submit to a psychological and/or psychiatric evaluation.  At Juvenile's request, the transfer hearing was continued to July 26.  Before that hearing, the court received a report from the evaluating psychologist, who opined that "[t]here does not remain adequate time for rehabilitative impact prior to [Juvenile's] 18th birthday."[1]

¶4        Citing Rule 28, Juvenile attempted to enter an admission to the delinquency charges at the outset of the July 26 transfer hearing.  The court ruled that Juvenile could not do so and proceeded with the transfer hearing.  At the conclusion of the hearing, the court granted the motion to transfer Juvenile for adult prosecution.  Juvenile timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. § 8-235(A), and Rule 103.

## DISCUSSION

¶5        As he did in the juvenile court, Juvenile relies on Rule 28 in asserting that he was entitled to admit the delinquency charges at the transfer hearing.  But by its express terms, Rule 28 applies only to advisory hearings, stating, in pertinent part:

> **C. Procedure.**  At the advisory hearing the court shall:
>
> . . .

---

[1]        Juvenile's date of birth is August 30, 1998.

**7.** Determine whether the juvenile wishes to admit or deny the allegations;

**a. Admission.** If the juvenile wishes to admit to allegations, the court shall accept the admission or plea if supported by a factual basis and a finding that the juvenile knowingly, intelligently and voluntarily waives the rights enumerated above. . . .

As noted *supra*, Juvenile *denied* all charges at his advisory hearing. The subsequent transfer hearing was governed by Rule 34, which does not address admissions.

**¶6** More fundamentally, a transfer motion asks the juvenile court to "waive its jurisdiction and remand a child under age 18 to the adult court for prosecution." *In re Mario L.*, 190 Ariz. 381, 383 (App. 1997). We have previously held that "the juvenile court cannot be divested of jurisdiction to determine the transfer question." *State v. Superior Court*, 180 Ariz. 384, 387 (App. 1994); *see also* A.R.S. § 8-327(B) ("On request of the state that a juvenile be transferred, the court *shall* hold a transfer hearing before the adjudication hearing." (Emphasis added.)).

**¶7** Juvenile's reliance on *In re Reymundo F.*, 217 Ariz. 588 (App. 2008), is unavailing. *Reymundo* addresses an admission a juvenile made at an advisory hearing but which the court deferred for acceptance — something Rule 28(E) expressly permits. 217 Ariz. at 591, ¶ 9. Juvenile's citation to the Arizona Rules of Criminal Procedure fares no better. Those rules are generally inapplicable to juvenile proceedings, except where necessary to protect a party's constitutional rights. *In re Maricopa Cty. Juv. Action No. JV-508488*, 185 Ariz. 295, 299 (App. 1996); *see also In re Maricopa Cty. Juv. Action No. JV-500210*, 177 Ariz. 3, 5 (App. 1993) ("[T]he concept of equal protection does not require that the state always treat juveniles in the same manner as adults."). Juvenile is not asserting a constitutional violation in this case. *Cf. Alejandro v. Harrison*, 223 Ariz. 21, 23, ¶ 8 (App. 2009) ([T]here is "no constitutional right mandating that a court accept an offer of guilt.").

**¶8** Juvenile could not negate the juvenile court's exercise of independent discretion to determine whether to waive its jurisdiction by entering an admission at his transfer hearing. *See* S*tate ex rel. Romley v. Superior Court*, 170 Ariz. 339, 342 (App. 1991) (transfer decisions are entrusted to juvenile court's independent discretion); *see also Reymundo F.*, 217 Ariz. at 591, ¶ 9 (A juvenile's proposed interpretation of Rule 28 "would

deprive the state of its right, found in statute and rule, to seek a transfer of the juvenile for adult prosecution.").

## CONCLUSION

¶9      For the foregoing reasons, we affirm the ruling of the superior court.



AMY M. WOOD • Clerk of the Court
FILED:  AA