VÁSQUEZ, Presiding Judge:
¶1 Holly C. appeals from the juvenile court's dismissal of a private dependency petition filed by her mother, Elizabeth F., who sought temporary custody of Holly's six-year-old son, G.C. Because Elizabeth F. failed to appeal from the dismissal order, and because we conclude Holly, as a respondent in the dependency proceeding, has not been legally "aggrieved" by the dismissal, see A.R.S. § 8-235(A) ; Ariz. R. P. Juv. Ct. 103(A), we dismiss this appeal for lack of jurisdiction.
¶2 Like his father, Brian S., G.C. is an enrolled member of the Tohono O'odham Nation ("the Nation"). Before Elizabeth filed her dependency petition, Holly and Brian were involved in a custody proceeding in the Nation's tribal court. In October 2017, pursuant to a stipulation by both parents, that court entered a "final, appealable order" awarding Brian sole decision-making authority and primary parenting time. Based on the same stipulation, the court scheduled a review hearing for December 2017 to determine whether "criminal charges pending against [Holly]" had been resolved and "to see if [she] should be awarded supervised parenting time given the concerns over her mental state and ability to parent [G.C.]." On February 20, 2018, the Arizona Department of Economic Security (ADES) acknowledged Brian's physical custody of G.C. and filed a motion to terminate his previously ordered child support obligations.
¶3 On March 16, 2018, before the trial court granted ADES's motion,[1] Elizabeth filed a dependency petition in Pima County Juvenile Court in which she alleged Brian had a history of violent behavior and was *598 neglecting G.C. In a supporting affidavit, she also alleged that Holly "has a history of mental health issues that make it difficult for her [to] parent right now" and, also, "is on probation for a felony offense."[2] In temporary orders entered pursuant to A.R.S. § 8-841(F), the juvenile court ordered the Department of Child Safety (DCS) to conduct an investigation, including "a safety check of the child(ren)'s home," but it declined Elizabeth's request that she be awarded temporary custody.
¶4 At the initial dependency hearing in April 2018, DCS told the juvenile court, "Our report documents that we do not believe that a dependency exists at this time," and, after confirming that there were no objections, the court granted DCS's request to be excused from further proceedings. At the same hearing, Brian entered a special appearance for the purpose of challenging jurisdiction and service and filed a motion to dismiss the dependency on those grounds. In it, he argued the Nation had "continuing, exclusive jurisdiction" over G.C.'s custody pursuant to both the Indian Child Welfare Act (ICWA), 25 U.S.C. §§ 1901 - 1963, and the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), A.R.S. §§ 25-1001 to 25-1067. The Nation also appeared and informed the court it had not yet been properly served with the dependency petition.
¶5 The juvenile court scheduled briefing on Brian's motion to dismiss and continued the hearing until May 15, 2018. On that day, after conferring with the tribal court judge who was presiding over the Nation's custody proceeding and entertaining argument by the parties, the juvenile court granted Brian's motion to dismiss for lack of jurisdiction.[3] On May 29, 2018, Holly filed a timely notice of appeal from the court's signed minute entry, which was filed on May 18, 2018. Elizabeth did not.[4] See Ariz. R. P. Juv. Ct. 104(A) (notice of appeal from juvenile court "shall be filed with the clerk of the superior court no later than 15 days after the final order is filed with the clerk").
¶6 This court has an independent duty to consider its own jurisdiction, see In re Reymundo F. , 217 Ariz. 588, n.1, 177 P.3d 330 (App. 2008) ; see also State v. Serrano , 234 Ariz. 491, ¶ 4, 323 P.3d 774 (App. 2014) (appellate court's "jurisdiction is provided and limited by law"), which, in this instance, is limited to appeals by any party "aggrieved" by "a final order of the juvenile court," § 8-235(A). "Parties cannot confer jurisdiction upon this court by agreement, by stipulation, or ... by invited error or forfeiture." Serrano , 234 Ariz. 491, ¶ 4, 323 P.3d 774 (citations omitted).
¶7 We recognize that Holly joined Elizabeth in opposing the dismissal of the dependency, but, because Holly is the respondent in a dependency proceeding filed against her and Brian, we conclude she has not suffered a legally cognizable grievance from the dismissal of that action. "To qualify as an aggrieved party, the judgment must operate to deny the party some personal or property right or to impose a substantial burden on the party."
*599 Jewel C. v. Dep't of Child Safety , 244 Ariz. 347, ¶ 3, 418 P.3d 1120 (App. 2018) (quoting In re Pima Cty. Juv. Action No. B-9385 , 138 Ariz. 291, 293, 674 P.2d 845 (1983) ). In this dependency action, the juvenile court entered no order affecting Holly's parental rights-it instead dismissed a proceeding filed by Elizabeth calling into question Holly's ability to parent G.C.
¶8 Although Elizabeth, as the only petitioner in the dependency proceeding, was aggrieved by its dismissal, she failed to file a timely notice of appeal that would have afforded this court jurisdiction on review.[5] Because we lack jurisdiction to proceed, this appeal is dismissed.

ADES's unopposed motion to terminate child support was granted on April 2, 2018.

At an initial dependency hearing, Elizabeth told the juvenile court she had filed the dependency petition because she "believe[s] that neither [Brian] nor [Holly] is able or capable of having the care, custody, and control of the child at this time."

The Nation supported Brian's motion to dismiss, and G.C. appeared to support the dismissal as well, telling the court, "At most," the juvenile court "might have emergency jurisdiction," but the Nation is "the primary jurisdictional court." Holly joined Elizabeth in opposing the dismissal.

On September 4, 2018, more than three months after Holly filed her notice of appeal, Elizabeth filed a "Notice of Joinder" purporting to "join[ ] in Holly C.'s opening brief." Although Rule 104(C)(2), Ariz. R. P. Juv. Ct., provides that "any party to the proceeding from which the appeal arises ... may file ... and serve ... a notice stating that the party ... does not intend to participate actively in the appeal and instead adopts and agrees in advance to be bound by the appellate positions, filings, representations, actions, and omissions" of another "specifically identified" party, that provision does not apply here. First, there is no evidence on this record that Elizabeth filed such a notice "[n]o later than 10 calendar days" after service of Holly's notice of appeal or filed it "with the clerk of the superior court," as required by that rule. Id. More critically, the rule expressly provides, "A notice under this subsection may not be used or relied upon as a substitute for a notice of appeal." Id. Elizabeth's belated notice of joinder thus had no effect on the question of our appellate jurisdiction.

In other circumstances, a child such as G.C. might also be aggrieved by the dismissal of a dependency proceeding, giving rise to his right to appeal pursuant to § 8-235(A). In this case, however, G.C. is named as an appellee, and he urges this court to affirm the juvenile court's ruling.