NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

_____

PATRICIA S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, E.S., *Appellees.*

No. 1 CA-JV 20-0371
FILED 7-13-2021

_____

Appeal from the Superior Court in Maricopa County
No. JD530848

The Honorable Jennifer E. Green, Judge

**DISMISSED**

_____

COUNSEL

Jeffrey M. Zurbriggen, P.C., Phoenix
By Jeffrey M. Zurbriggen
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1        Patricia S. ("Grandmother") appeals the juvenile court's denial of her motion to dismiss orders of dependency and termination of parental rights involving her grandchild, whom we refer to as Erin[1], arguing the court lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Because we conclude Grandmother is not an "aggrieved party," *see* A.R.S. § 8-235(A); Ariz. R.P. Juv. Ct. 103(A), we dismiss the appeal.

### FACTUAL AND PROCEDURAL HISTORY

¶2        In April 2017, nineteen-month-old Erin was found alone, unsupervised, and crying outside of the hotel where she was staying with her Mother. When police arrived, they located Mother, who smelled of alcohol and showed signs of intoxication. Father, who lived in Oregon, had not had a relationship with Erin for approximately a year. Police contacted the Arizona Department of Child Safety ("DCS") who removed Erin from Mother's care and filed a dependency petition. The juvenile court found Erin dependent as to both Mother and Father.

¶3        Roughly one year later, Grandmother, seeking to have Erin placed in her care, moved the juvenile court to allow her to intervene in the dependency proceedings. The court obliged. Erin was briefly placed with Grandmother, before being reunited with Father. The child was removed from Father's care, however, after he allowed Mother access to Erin outside of the DCS approved safety plan. Grandmother again moved to have Erin placed in her care. DCS opposed the motion, contending Grandmother, too, violated the safety plan by allowing Mother unsupervised access to Erin,

---

[1] A pseudonym is being used to protect the child's identity.

and cross-motioned to place Erin with other relatives. The court granted DCS' motion over Grandmother's objection.[2]

¶4            Following a severance trial, the court terminated Mother's and Father's parental rights. Grandmother moved once more for Erin to be placed with her. Again, DCS opposed the motion, and the court denied her request. The court also denied Grandmother's motion for contact with Erin.

¶5            Both parents appealed from the termination order challenging only the sufficiency of evidence justifying termination of the parent-child relationship. *Anna S. v. Dep't of Child Safety*, 1 CA-JV 19-0361, 2020 WL 2078278, at *2, ¶ 11 (Ariz. App. Apr. 30, 2020) (mem. decision). We affirmed the termination. *Id.* at *4, ¶ 20. Grandmother subsequently moved to dismiss the dependency proceedings, including the termination order, arguing the court lacked jurisdiction under the UCCJEA. Specifically, Grandmother argued that Oregon, rather than Arizona, was Erin's home state contending that Erin had been in Arizona for less than six months when DCS took temporary custody of her, and that the court failed to hold a required UCCJEA conference with the Oregon court. The juvenile court issued a detailed order affirming its exercise of jurisdiction, concluding the evidence supported its prior finding that Erin had been in Arizona long enough to make Arizona her home state, and that it was not required to hold a UCCJEA conference because Oregon did not have jurisdiction under the UCCJEA. Grandmother timely appealed.

**DISCUSSION**

¶6            In its answering brief, DCS contends, as a threshold matter, that we lack jurisdiction over this appeal because Grandmother is not an "aggrieved party" and the order which Grandmother is attempting to appeal from is not "final," and thus, not appealable. "The jurisdiction . . . of any intermediate appellate court shall be as provided by law." Ariz. Const. art. 6, § 9. Our jurisdiction over juvenile matters is governed by A.R.S. § 8-235, which provides that "[a]ny aggrieved party in any juvenile court proceeding . . . may appeal from a final order of the juvenile court to the court of appeals." A.R.S. § 8-235(A). Both elements must be present—the party must be aggrieved, and the court's order must be final. *Id.*; *Jewel C. v. Dep't of Child Safety*, 244 Ariz. 347, 349, ¶ 2 (App. 2018). Accordingly, before

---

[2] Although the court had previously awarded Grandmother visitation while Erin was placed with Father, the court did not grant Grandmother visitation while Erin was placed with her other relatives and denied Grandmother's motion for unsupervised visitation with Erin.

we address the merits of Grandmother's appeal, we first determine whether Grandmother is an "aggrieved party" and, if so, whether the juvenile court's order denying her motion to dismiss is a "final order." A.R.S. § 8-235(A).

¶7        "To qualify as an aggrieved party, the judgment must operate to deny the party some personal or property right or to impose a substantial burden on the party." *Jewel C.*, 244 Ariz. at 349, ¶ 3 (quoting *Pima Cnty. Juv. Action No. B-9385*, 138 Ariz. 291, 293 (1983)). If a party is "aggrieved," they have standing to appeal a final order of the juvenile court. A.R.S. § 8-235(A); *In re Kory L.*, 194 Ariz. 215, 217, ¶ 3 (App. 1999) (as amended) (concluding that because appellant was an aggrieved party, she had standing to appeal an order of the juvenile court).

¶8        DCS contends Grandmother is not an aggrieved party because "she had no rights [which] the juvenile court could deny," and because the order did not place a "substantial burden" on her. By contrast, Grandmother argues she is an aggrieved party because, "but for the juvenile court['s] orders, [she] could have petitioned to pursue grandparent's rights via A.R.S. [§ 25-409]." Grandmother also seemingly asserts the order denied her certain rights under A.R.S. §§ 8-513 and 8-514. And, while Grandmother contends the order imposed upon her a substantial burden, she has failed to elucidate the nature of the burden imposed or to provide any evidence in support of her assertion.

¶9        Grandmother has not provided any authority in support of her claim that grandparents, who do not have current vested rights under A.R.S. § 25-409, may be aggrieved parties to dependency and/or termination orders.

¶10        Under A.R.S. § 25-409, grandparents may petition the court for visitation with their grandchild. However, a court is not required to grant visitation and may do so only upon a finding that visitation is in the grandchild's best interests, and upon a finding that certain statutory grounds have been met. A.R.S. § 25-409(C). Thus, while grandparents are eligible to receive visitation, they have no *right* to visitation, absent a court order. *See* A.R.S. § 25-409; *Graville v. Dodge*, 195 Ariz. 119, 125, ¶ 23 (App. 1999) ("Grandparent visitation is not automatic."). Moreover, while "intervention [in dependency proceedings] . . . allows . . . grandparents to be heard; it does not confer any right to custody upon them." *Bechtel v. Rose In & For Maricopa Cnty.*, 150 Ariz. 68, 73 n.3 (1986). Permissive intervention by a court of a non-parent relative, as occurred here when the juvenile court allowed Grandmother to intervene, "merely allows the relative to be

heard," but again, "it does not confer any right to custody upon them." *Jewel C.*, 244 Ariz. at 349, ¶ 4.

¶11    To be sure, parents and children have inherent, fundamental rights which, if denied by dependency orders, may qualify them as aggrieved parties. *See Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 46, ¶ 11 (App. 2006) (holding that a mother's fundamental right to raise her children was "sufficient to make her an aggrieved party under [A.R.S.] § 8-235"); *Pima Cnty. Juv. Action No. B-9385*, 138 Ariz. at 293–94 (recognizing that because children have the right to effective parental care, they may be aggrieved parties with rights to appeal orders of the juvenile court). Grandparents, however, have no such fundamental right. *Troxel v. Granville*, 530 U.S. 57, 72 (2000) (examining whether order granting grandparents visitation unconstitutionally interfered with the *parent's* fundamental right over her children). And although A.R.S. § 8-514 expresses a preference for placement with a grandparent, "the order of placement is a preference, not a mandate." *Antonio P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 402, 405, ¶ 12 (App. 2008). In short, grandparents have no independent rights to custody and placement under § 8-514. *Jewel C.*, 244 Ariz. at 350, ¶ 7. Furthermore, because A.R.S. § 8-513 applies to children's rights in maintaining contact with their relatives, it is inapplicable to Grandmother's appeal. Accordingly, Grandmother cannot be an aggrieved party because she has no right to custody, to visitation, to placement, etc., that was aggrieved by the court's order.

¶12    Lastly, because the court's order merely affirmed its exercise of jurisdiction and did not impose a "substantial burden" or obligation on Grandmother, she is not an aggrieved party. *See Jewel C.*, 244 Ariz. at 349 (to be an aggrieved party, the judgment must either deny a personal or property right or impose a substantial burden on the party); *In re Kory L.*, 194 Ariz. at 217, ¶ 3 (holding that a juvenile court order which imposed restitution obligation on mother of juvenile who pled delinquent to criminal trespass, made mother an "aggrieved" party, for purposes of standing, to contest restitution order under rule permitting an aggrieved party to appeal from a final order of the juvenile court).

¶13    Because we conclude Grandmother is not an "aggrieved party," we need not determine whether the court's order was "final." Grandmother invites this court, in the exercise of our discretion, to accept special action jurisdiction over this appeal. We decline her invitation, noting again that we previously considered and ruled upon both parents' appeal from the termination order.

**CONCLUSION**

¶14 For the foregoing reasons, we dismiss the appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA