NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DAVID SEGAL,
*Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency,
*Appellee*.

No. 1 CA-UB 22-0358
FILED 2-13-2024

---

Appeal from the A.D.E.S. Appeals Board
No.  U-1790328-001-B
The Honorable Marjorie Nanian, Administrative Law Judge

**APPEAL DISMISSED**

---

COUNSEL

Yuzhuo Li, Attorney at Law, Mesa
By Yuzhuo Li
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

_____

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer B. Campbell joined.

_____

**B R O W N**, Judge:

**¶1**         Appellant David Segal challenges a determination made by the Arizona Department of Economic Security ("ADES") Appeals Board ("Board") that he was ineligible for Pandemic Unemployment Assistance ("PUA") and would thus be required to repay the amounts he had received. Because ADES later waived his repayment obligation, he is no longer aggrieved by the Board's decision. We therefore dismiss the appeal for lack of jurisdiction.

**¶2**         Between March 2020 and May 2021, Segal applied for and received PUA benefits. However, in notices provided to Segal between July 2021 and November 2021, ADES determined he was not eligible for PUA benefits and classified them as overpayments, requiring him "to refund the money" to ADES. Segal appealed these determinations, and as pertinent here, they were affirmed by an administrative law judge ("ALJ") in January 2022. The Board affirmed the ALJ's decision and Segal filed his timely application for appeal to this court in September 2022.

**¶3**         In June 2023, ADES sent four notices to Segal stating that he would "not need to repay these benefits because these payments were issued incorrectly through no fault of your own, and repayment would be contrary to equity and good conscience. . . . The remaining overpayment balance and your repayment obligation have been waived in full." Two months later, Segal filed four applications for appeal, acknowledging the waiver notices and asking the Board to apply them but arguably still challenging his PUA eligibility. In October 2023, this court issued orders denying each of those applications for appeal. Meanwhile, in January 2023, this court granted Segal's application for appeal in this case challenging the eligibility determination, appointed pro bono counsel to represent him, and ordered briefing, which was completed by September 2023.

**¶4**         We have an independent duty to determine our appellate jurisdiction, *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997), which is "defined, and limited, by the Legislature," *Brumett v. MGA*

*Home Healthcare, L.L.C.*, 240 Ariz. 420, 426, ¶ 4 (App. 2016). *See also* Ariz. Const. art. 6, § 9 ("The jurisdiction, powers, duties and composition of any intermediate appellate court shall be as provided by law.").

**¶5** As Segal notes in his opening brief, this court's jurisdiction to review the Board's rulings arises from A.R.S. § 41-1993(B), which states that a "party *aggrieved* by a decision of the appeals board may file an application for appeal to the court of appeals." (Emphasis added.) And as demonstrated by the unique procedural circumstances of this case, whether a party is aggrieved may be affected by events that occur after filing of the application for appeal.

**¶6** "To qualify as an aggrieved party, the judgment must operate to deny the party some personal or property right or to impose a substantial burden on the party." *Jewel C. v. Dep't of Child Safety*, 244 Ariz. 347, 349, ¶ 3 (App. 2018) (quoting *Pima Cnty. Juv. Action No. B-9385*, 138 Ariz. 291, 293 (1983)). Originally, Segal was aggrieved by the Board's decision because it found him ineligible for PUA and determined he needed to repay those funds. However, given ADES's subsequent decision to waive the overpayments, Segal has been relieved of that obligation and no longer faces imposition of a substantial burden or denial of a property right. Nor does he argue that the administrative decision regarding eligibility would impose collateral consequences. *See Cardoso v. Soldo*, 230 Ariz. 614, 618, ¶ 9 (App. 2012) (discussing the "collateral consequences exception" to mootness). Thus, whether the Board erred in finding him ineligible for those funds is moot, which also means dismissal of the appeal is appropriate. *Id.* at 617, ¶ 5 (noting that an appeal will be dismissed as moot "when our action as a reviewing court will have no effect on the parties").

**¶7** Although the record is not clear as to the precise amount of PUA funds Segal received, he has not been harmed given that ADES waived his repayment obligations "in full." Because Segal is no longer aggrieved by the Board's determination that he was not eligible for PUA benefits, we dismiss his appeal for lack of jurisdiction. *See Chambers v. United Farm Workers Org. Comm., AFL-CIO*, 25 Ariz. App. 104, 107 (1975) ("Dismissal is required for lack of an aggrieved party.").

