NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

------------------------

IN RE DELINQUENCY OF J.U.

No. 1 CA-JV 24-0125

FILED 04-22-2025

------------------------

Appeal from the Superior Court in Maricopa County
No. JV607276
The Honorable Keelan J. Bodow, Commissioner

**AFFIRMED**

------------------------

COUNSEL

Maricopa County Office of the Public Advocate, Phoenix
By Olivia Porter
*Counsel for Appellant*

Stromfors Law Office PC, Chandler
By Stephanie A. Stromfors
*Counsel for Appellant Guardian*

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow and Brittany Rummel
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge David D. Weinzweig joined.

---

**C A T L E T T**, Judge:

¶1        J.U. appeals the juvenile court's order dismissing without prejudice the State's delinquency petition.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In November 2023, the State filed a delinquency petition charging J.U. with three counts of criminal trespass and one count of dangerous drug possession.  At an advisory hearing, J.U.'s counsel requested a mental competency evaluation.  The court appointed Dr. Kelly Rodriguez and Dr. Mark Treegoob to examine J.U.  Dr. Rodriguez concluded J.U. was competent to stand trial, but Dr. Treegoob concluded J.U. was not competent but was restorable.

¶3        After receiving those conflicting reports, the court appointed a third "tie-breaker" doctor, Dr. Heather de Soler, who determined J.U. was not competent but was restorable.  The parties stipulated to the two reports finding J.U. not competent but restorable.  In March 2024, the court ordered J.U. to participate in restoration services with Dr. Huddleston, a mental health expert, who would provide status reports on J.U.'s progress and ultimately opine on J.U.'s competency.

¶4        In May 2024, the court held a restoration review hearing.  Considering Dr. Huddleston's most recent status report that J.U. remained incompetent but restorable, the court ordered J.U. to continue with restoration services.  The State subsequently filed a notice of intent to retain jurisdiction and an amended petition, dropping one criminal trespass charge and adding two burglary charges.

¶5        In June 2024, at the advisory hearing on the amended petition, the court ordered J.U. to continue with the restoration process.  The court also noted that the restoration process could not continue once J.U. turned eighteen, and, upon the State's request, ordered Dr. Huddleston to explain

2

in his next status report whether he believed J.U. could be restored prior to his eighteenth birthday in September.

**¶6**　　In July 2024, Dr. Huddleston filed a status report in which he determined J.U. remained incompetent but could be restored within forty-five days.  At the subsequent restoration review hearing, the court stated it had reviewed Dr. Huddleston's report and asked the parties how they wished to proceed.  The State immediately moved to dismiss the case without prejudice.  The court granted the State's motion over J.U.'s objection and dismissed the delinquency petition without prejudice.

**¶7**　　J.U. timely appealed.  We have jurisdiction.  *See* A.R.S. §§ 8-235(A), 12-120.21(A)(1).

## DISCUSSION

**¶8**　　J.U. argues the juvenile court failed to apply A.R.S. § 8-291.10(H), thereby abusing its discretion and violating his due process rights.  Although we review the dismissal of a juvenile delinquency petition for an abuse of discretion, we interpret the juvenile competency statutes *de novo*.  *In re Eric W.*, 229 Ariz. 107, 112 ¶ 18 (App. 2012); *In re Eddie O.*, 227 Ariz. 99, 101 ¶ 4 (App. 2011).  "Clear and unequivocal language determines a statute's meaning, reading each word, phrase, clause, and sentence in such a way to ensure no part of the statute is void or trivial."  *Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 137, 142 ¶ 15 (2024).

**¶9**　　"The juvenile competency statutes reflect the legislature's careful attempt to balance the right of the State to attempt to restore an incompetent juvenile to competency with the right of the individual juvenile to due process." *In re Eric W.*, 229 Ariz. at 112 ¶ 19.  At any time after the State files a delinquency petition, a party may request that the juvenile be examined for competency.  A.R.S. § 8-291.01(B).  If the court finds that the juvenile is incompetent but may be restored to competency, it shall order the juvenile to participate in restoration services—as the court did here.  A.R.S. § 8-291.08(C).

**¶10**　　As part of the restoration process, the court periodically holds hearings to review the juvenile's progress toward competency.  *See* A.R.S. § 8-291.10.  In relevant part, § 8-291.10 provides:

> (C) The court may hold a hearing regarding a juvenile's progress toward competency on the request of the prosecutor, the defense attorney or the guardian ad litem.

(D) . . . [T]he court shall hold a hearing to determine the juvenile's progress towards regaining competency as follows:

(1) On the court's own motion.

(2) On receipt of a report that is submitted by the restoration program[.]

(3) Not less than three months before the juvenile's eighteenth birthday.

. . .

(H) If at a hearing that is held pursuant to subsection C or subsection D, paragraph 1 or 2 of this section the court finds that the juvenile is incompetent to proceed and that there is not a substantial probability that the juvenile will regain competency within two hundred forty days after the date of the original finding of incompetency, the court shall dismiss the charges with prejudice[.]

¶11        J.U. argues § 8-291.10(H) mandated dismissal *with* prejudice because, at the time of the last restoration review hearing, J.U. remained incompetent and was less than three months away from his eighteenth birthday.  J.U. further insists that because the restoration review hearing was held on the court's own motion and in response to the filing of a restoration report, § 8-291.10(H) applied regardless of whether the court made findings as to his progress towards competency.

¶12        J.U.'s reading of § 8-291.10(H) is contrary to its plain language.  Subsection (H) begins with the word "if," indicating a condition that must be met before a certain consequence—dismissal with prejudice—is triggered.  Specifically, for dismissal with prejudice to be mandated under subsection (H), the court must find (1) that the juvenile remains incompetent, and (2) that there is not a substantial probability that the juvenile will regain competency within 240 days of the original finding of incompetency.  A.R.S. § 8-291.10(H).

¶13        The court made neither finding here.  At the restoration review hearing, the court simply stated it had "review[ed] the report from Dr. Huddleston," which concluded J.U. remained incompetent but restorable.  The court did not discuss whether it accepted Dr. Huddleston's conclusion or the probability that J.U. would become competent.

**¶14** But even if we assume the court accepted Dr. Huddleston's conclusion that J.U. remained incompetent but restorable, that finding alone is insufficient to necessitate a dismissal with prejudice. *See In re Charles B.*, 194 Ariz. 174, 176–77 ¶ 5 (App. 1998) ("If the trial judge believes that the juvenile is incompetent but is making 'progress toward restoration of competency' . . . the judge can order more treatment or dismiss with or without prejudice."). The court was also required to find that there was not a substantial likelihood that J.U. could be restored within a certain timeframe. *See* A.R.S. § 8-291.10(H). The court did not make that finding.

**¶15** And the court did not abuse its discretion in not making that finding. The superior court originally found J.U. incompetent on March 21, 2024. For § 8-291.10(H) to apply, the court needed to find that there was not a substantial probability that J.U. would regain competency by November 16, 2025 (240 days after March 21, 2024). But J.U. would turn eighteen in September 2024. Even using September as the cutoff for competency under § 8-291.10(H), Dr. Huddleston opined on July 7, 2024, that "[t]here is a substantial likelihood that [J.U.] can be restored within the statutory period" and that J.U. "will require another 45 days in restoration." So, in Dr. Huddleston's view, J.U. could be restored by August 21, 2024 (45 days after July 7, 2024), which was less than two weeks before J.U.'s eighteenth birthday. J.U. did not contest Dr. Huddleston's report. That report was sufficient evidence for the court to refuse to find that J.U. could not be restored prior to his eighteenth birthday. *Cf. In re John M.*, 201 Ariz. 424, 426 ¶ 7 (App. 2001) ("[W]e will only reverse on the grounds of insufficient evidence if there is a complete absence of probative facts to support the judgment or if the judgment is contrary to any substantial evidence.").

**¶16** Put simply, the court did not make findings that would trigger § 8-291.10(H) and mandate dismissal with prejudice, and it did not abuse its discretion in not making those findings. The court did not err in dismissing the petition without prejudice.

## CONCLUSION

¶17     We affirm juvenile court's order dismissing the State's delinquency petition without prejudice.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR