660 P.2d 1205

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. S-933**

No. 15953–PR.

Supreme Court of Arizona, En Banc.

Oct. 13, 1982.

Robert K. Corbin, Atty. Gen. by John R. Evans, Phoenix, for appellee.

Bergsten, Bogard & Larriva by Stephen C. Bergsten, Tucson, for appellant.

HOLOHAN, Chief Justice.

This case involves an appeal from a juvenile court order terminating petitioner's parental rights. The court of appeals issued an order to dismiss the appeal as untimely.

This court granted petitioner's petition for review. The order of the court of appeals is vacated.

The record shows that the petitioner is the natural father of four children. The Arizona Department of Economic Security (the State) filed a petition in juvenile court to terminate petitioner's parental rights to each of his children.

A hearing was held, and on October 19, 1981 the juvenile court entered the following order:

The Petition for Severance of the parental rights of Earl Barnett having been taken under advisement,

IT IS ORDERED that the Petition for Severance is granted.

IT IS ORDERED that a copy of the proposed Findings of Fact and Conclusions of Law and Order be served upon Mr. Bergsten, attorney for Mr. Barnett. Mr. Bergsten shall have five (5) days from the receipt of same to file objections if he so wishes, and if objections are filed, unless oral argument is requested, the Court will consider it submitted.

The findings of fact, conclusions of law and proposed order were not served on petitioner's attorney as required by the minute entry order until November 4, 1981. Petitioner filed his objections to the findings, etc. on November 9, 1981.

A minute entry of November 10, 1981 stated that because no objections had been filed the findings of fact and conclusions of law were to be adopted and signed. However, the court discovered its mistake and by minute entry dated November 19, 1981 vacated the November 10 minute entry because objections had been timely filed.

Finally, a minute entry dated November 20, 1981 adopted the findings of fact and conclusions of law and directed the State's attorney to prepare an order. That order, which incorporated the findings of fact and conclusions of law, was signed on November 20, 1981.

Petitioner filed the notice of appeal with the requisite attachments on December 4, 1981. The sole question presented for our determination is whether petitioner's appeal was timely.

Rule 1, Rules of Procedure for the Juvenile Court, 17A A.R.S. [hereinafter juvenile rules] expressly states that the juvenile rules govern proceedings for termination of parent-child relationships. Juvenile rule 25(a) provides:

An appeal must be taken within 15 days after the final order is entered in the minutes of the juvenile court. There is no requirement that a final order be in writing and signed by the judge before an appeal can be taken.

The State contends that the October 19 minute entry constitutes "the final order" contemplated by juvenile rule 25(a) and therefore the December 4 notice of appeal was untimely filed. The failure to file an appeal in a timely fashion deprives the appellate court of jurisdiction. *Hurst v. Bisbee Unified School District No. Two,* 125 Ariz. 72, 607 P.2d 391 (App.1979); *Edwards v. Young,* 107 Ariz. 283, 486 P.2d 181 (1971).

Petitioner's counsel states that he did not receive notice of the October 19 minute entry order until after the time permitted for taking an appeal had expired. Counsel notes that the case was taken under advisement following the hearing.

Petitioner argues that in order to afford a party due process of law, notice and a meaningful opportunity to be heard are required. The interest of a parent in the relationship with his child is a personal right deserving of due process protection. *Anguis v. Superior Court,* 6 Ariz.App. 68, 429 P.2d 702 (1967). However, it has unequivocally been held that it is the duty of counsel to insure that matters subject to prescribed time limits are acted upon within those time limits. *Kiefer v. May,* 22 Ariz. App. 567, 529 P.2d 721 (1974). To this end counsel has an obligation to check the court records to determine the exact date of the entry of a final order so he can preserve his client's right to appeal. *Thomas v. Western Savings and Loan Ass'n,* 6 Ariz.App. 511, 433 P.2d 1003 (1967).

Excusable neglect affords no basis for relief from the dismissal of an untimely appeal. *Newland v. Fossey,* 2 Ariz.App. 394, 395, 409 P.2d 314 (1966). Even where the clerk of the court is required by rule to give notice of entry of judgment, the clerk's failure to do so does not affect the time for filing a notice of appeal. *Old Pueblo Transit Co. v. Corporation Commission,* 73 Ariz. 32, 236 P.2d 1018 (1951); *Vital v. Johnson,* 128 Ariz. 129, 624 P.2d 326 (App.1980).

It continues to be our view that the applicable time period for appeal commences to run from the entry of the final order. Notice of the entry is not necessary to start the appeal time running. Had the October 19 order been an appealable order, petitioner's notice of appeal would have been untimely and his appeal properly dismissed. However, the October 19 order did not meet the criteria of a valid order as set forth in A.R.S. § 8–538(A) which states:

> Every order of the court terminating the parent-child relationship or transferring legal custody or guardianship of the person of the child or providing for protective supervision of the child shall be in writing and shall recite the findings upon which such order is based, including findings pertaining to the court's jurisdiction. Such order shall be conclusive and binding on all persons from the date of entry.

Confusion exists over the differences between this section and juvenile rule 25(a), which requires no signed written order but only that an order be entered in the minutes.

The substantive right to appeal in any class of cases can be created only by constitution or statute. *Arizona Podiatry Ass'n v. Director of Insurance,* 101 Ariz. 544, 422 P.2d 108 (1966). Although the procedural aspects of processing an appeal are subject to the exclusive regulation of this court, the substantive right to appeal is statutory and this court may not diminish or alter that right. *State v. Birmingham,* 95 Ariz. 310, 390 P.2d 103 (1964), modified on rehearing, 96 Ariz. 109, 392 P.2d 775 (1964). The right to appeal in termination proceedings exists pursuant to A.R.S. § 8–236 which provides in part:

> A. Any aggrieved party in any proceeding under this title may appeal from a final order of the juvenile court to the court of appeals in the manner provided in rules of procedure for the juvenile court as promulgated or approved by the Arizona supreme court, except the name of the child shall not appear in the record of the appeal, the juvenile court record number assigned to that case substituting for the name.

The right to appeal exists only from a final order. A final order is one which ends the proceedings, leaving no question open for further judicial action. *See Eaton v. Unified School District No. 1 of Pima County,* 122 Ariz. 391, 595 P.2d 183 (App. 1979), *opinion approved and adopted,* 122 Ariz. 377, 595 P.2d 169 (1979).

Before an order can be considered a final order in a termination of parental right case, it must satisfy the requirements of A.R.S. § 8–538(A). That is, it must be in writing and recite the findings upon which it is based, including findings pertaining to the court's jurisdiction.

We do not find the statute to be inconsistent with juvenile rule 25(a). The rule requires the order to be entered in the minutes, which constitutes a sufficient writing under the statute. Neither the statute nor the rule requires the order to be signed by the court to be effective. The rule does not require findings but the statute mandates their inclusion in the final order.

We note that Division II of the Court of Appeals has required compliance with the findings requirement of A.R.S. § 8–538(A) by suspending the appeal in *Hernandez v. State ex rel. Arizona Dept. of Economic Security,* 23 Ariz.App. 32, 530 P.2d 389 (1975), and remanding the case to juvenile court for compliance with the statute.

Division I of the Court of Appeals has taken a contrary view to that of Division II. *In the Matter of Appeal in Maricopa County, Juvenile Action No. JS–834,* 26 Ariz. App. 485, 549 P.2d 580 (1976). The position

of Division I is that compliance with A.R.S. § 8–538(A) is not required because its requirements are procedural in nature, and this court, not the legislature, has the authority to prescribe the procedure to be followed in court proceedings.

We do not intend to become involved in the fine distinctions between substantive matters and procedural matters. We are satisfied that the requirements of A.R.S. § 8–538(A) provide a sound method of making a record for review in this sensitive area of the law, so we accept and adopt the requirements of the statute. We hold that the requirements of A.R.S. § 8–538(A) must be complied with in termination of parental rights cases before an order may be considered a final order and appealable under the juvenile rules.

. The November 20 order in this case complied with A.R.S. § 8–538(A) and was therefore an appealable order. Petitioner's December 4 notice of appeal from that order was timely. The appeal is hereby reinstated. This court will retain jurisdiction of the appeal for decision on the merits.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.