OPINION AND ORDER

For the second time, the appellate court is asked to render a decision in this case. In Coin v. Mowa, No. AP-005-95* (1997) (hereinafter “Coin 1 ”), this court held that the Hopi Trial Court had proper jurisdiction of this case and remanded the case for trial. The court remanded the case for trial. After the trial below, the appellants now urge this court to set aside a judgment. However, this court finds that the Appellants failed to file their notice within the time limitation prescribed in Rule 37(c) without a showing of good cause. Therefore, the Appeal is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

As this case has already wound its way through the Hopi court system twice, the pertinent facts will be briefly summarized.[1] Rosaline Coin and Augustine and Frieda Mowa entered into an oral contract for the sale of a mobile home.[2] Coin promised to pay $2,000.00 to the Mowas and all the remaining monthly payments of $172.07 to the lienholder.[3] In addition to delivering possession of the mobile home, the Mowas promised to make certain repairs.[4] Coin began making the payments, but the relationship was less than harmonious and the Mowas decided to take back the mobile home.[5]
Coin vacated the premises, but brought suit for breach of contract, breach of express warranty, and breach of implied warranty of fitness for a particular purpose.[6] The trial court dismissed the action for lack of subject matter jurisdiction, finding that the dispute was a “family matter” and thereby reserved to the villages pursuant to Article III, section 2(b) of the Hopi Constitution.[7] This court reversed and remanded for trial.[8] The trial court set the case for a hearing and noticed the Defendants.[9] The Defendants did not attend the hearing. Coin presented evidence at the hearing, and the trial court rendered a decision, ordering the Mowas to return to Coin all monies paid, a total of $2,264.56.[10]
One week after this judgment, the Mow-as filed a Petition for New Trial and Amendment of Judgment, contending that they were entitled to an order setting aside the judgment because an “error or irregularity” prevented them from receiving a fair trial[11] and because of “excusable neglect.” [12] At this point, the dates be *331 come very important and will be presented in bullet fonnat:
• August 19, 1997: The trial court entered an order denying the motion.[13]
• September 26, 1997: The Mowas filed an appeal regarding the denial of the motion.[14]
Coin argues that this court does not have jurisdiction over the appeal because the notice was not filed within the time limit prescribed by Rule 37 of the Hopi Indian Rules of Civil and Criminal Procedure.[15]

ISSUES PRESENTED ON APPEAL

The lone issue addressed is whether the appellants’ motion should be dismissed because the notice of appeal was not filed within the twenty day window prescribed by Rule 37(c) of the Hopi Indian Rules of Civil and Criminal Procedure.

DISCUSSION

Rule 37(c) of the Hopi Indian Rules of Civil and Criminal Procedure establishes the time frame in which a party aggrieved by a final judgment of the trial court must file a notice of appeal. This rule provides that “[wjithin 20 days from the entry of the order of judgment appealed from the party taking the appeal must file with the trial court a written notice of appeal.... ” H.I.R.C.C.P. Rule 37(c). The court filed its order on August 19, 1997. The Mowas filed their Notice on September 26, 1997. The Mowas filed their notice of appeal 39 days after the order was filed.
In Hopi Tribe v. Gaseoma, the court permitted the late filing. There, this court excused a seven day delay and set the briefing schedule. However, this court was careful to articulate that good cause may excuse a late filing and would allow the Appeal to proceed. The court found “good cause” existed in Gaseom,a because the prosecuting attorney had resigned from her post and the Tribe needed additional time to employ a substitute counsel and permit the counsel to become familiar with the case.
In contrast, this court in Poleahla v. Hopi Tribe dismissed a similar claim of excusable neglect. There, the court cited a number of cases from other jurisdictions holding that the time limit for filing an appeal is jurisdictional. The court also emphasized that a firm deadline would provide the litigants with a sense of finality they would know that their case was finally settled as far as the legal system was concerned. Despite this broad dicta, the court was careful to emphasize that it was dismissing the case on its particular facts: the appellant was represented by counsel, there were no irregularities at the trial court level that delayed the appeal, and the appellant had filed timely appeals in the past. In Quanimptewa, the court was confronted with a notice of appeal that was filed ninety-one days late. The court stated that the case was controlled by Poleahla and cited with approval Arizona caselaw that holds that “even excusable neglect affords no basis for relief from dismissal of an untimely appeal.” See Matter of Appeal in Pima Comity Juvenile Action, 135 Ariz. 278, 660 P.2d 1205 *332 (1982). The Quanimpte,wa court reiterated that “[w]e ... find Pima persuasive on this matter.” Quavhnptewa, AP-000-00 (1997).
Despite this broad dicta indicating that the failure to file a timely appeal deprives the appellate court of jurisdiction, the holdings in Poleahla and Quanimpte-wa were much narrower: the court analyzed the specific facts and determined whether the delay was excused. This approach is consistent with Hopi precedent. Despite Quantimptewa’s approval of Arizona law as persuasive precedent on this issue, Matter of Appeal in Pima City Juvenile Action is not consistent with our longstanding decisions that have held that good cause may excuse a late filing. Hopi law clearly grants the appellate court discretion to exercise jurisdiction over late appeals. The appellate court seeks to determine whether there was good cause for the failure to file a timely appeal.
The issue in this case is whether good cause exists to excuse the late notice of appeal. The Defendants have not presented any reason for their late appeal. Although the Mowas are proceeding pro se, this is their second appeal. They have shown familiarity with our procedural rules as evidenced by their timely filing for a new trial. Because the Mowas have not presented good cause for them late notice of appeal, this appeal is not properly before the appellate court.

ORDER OF THE COURT

For the foregoing reasons, this appeal is DISMISSED and the case is remanded to the Tribal Court for execution of the judgment.

. For a more complete discussion of the facts, see Findings and Judgment of 6/16/97.

. See id,

. See id.

. See id.

. See id.

. See id.

. See id.

. See Coin /, AP-005-95* (1997).

. See Findings and Judgment of 6/16/97.

. See id.

. See H.l.R.C.C.P. Rule 29. Rule 29 provides in pertinent part that “Any party may petition for a new trial on any or all of the issues presented by serving a motion not later than 10 days after the entry of judgment, for any of the following causes: 1) error or irregularity which prevented any party from receiving a fair trial...." Id.

. See H.l.R.C.C.P. Rule 30. Rule 30 provides in part that
"On motion and upon such terms as are just, the court may, in the furtherance of justice, relieve a party or his legal represen *331 tative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new tnal under Rule 29(a)....”

Id.

. See Order of 8/19/97.

. See Notice of Appeal of 9/26/97.

. See H.I.R.C.C.P, Rule 37(c).